Troy Anthony RHODES,
Plaintiff–Appellant,

v.

ALAMEDA COUNTY SHERIFF
DEPT.; et al., Defendants–
Appellees.

No. 05–16148.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 15, 2006.

Troy Anthony Rhodes, Corcoran, CA, pro se.

Clyde A. Thompson, Esq., Jody Struck, Esq., Haapala Altura Thompson & Abern, LLP, Oakland, CA, for Defendant–Appellee.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: LEAVY, GOULD, and CLIFTON, Circuit Judges.

### MEMORANDUM **

California state prisoner Troy Anthony Rhodes appeals pro se from the district court's summary judgment in favor of defendants in his action brought under 42 U.S.C. § 1983 and 18 U.S.C. § 2510 *et. seq.*, alleging defendants monitored outgoing calls made from Rhodes' prison phone account to the home of another inmate suspected of smuggling drugs into the jail. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion the district court's denial of additional discovery under Fed.R.Civ.P. 56(f). *Tatum v. City and County of San Francisco,* 441 F.3d 1090, 1100 (9th Cir.2006). We affirm.

The district court did not abuse its discretion in denying Rhodes' request for a continuance because Rhodes failed to "identify the specific facts that further discovery would have revealed or explain why those facts would have precluded summary judgment." *See id.* Rhodes' request does not indicate how a continuance would have allowed him to produce evidence showing either 1) defendants intentionally intercepted his calls, *see* 18 U.S.C. § 2511, or 2) defendants were not "law enforcement officer[s] [using the monitoring equipment] in the ordinary course of [their] duties," *see* 18 U.S.C. § 2510(5)(a); *United States v. Van Poyck,* 77 F.3d 285, 291–92 (9th Cir. 1996) (holding "law enforcement exception" applied to prison's policy of routine taping of outgoing inmate calls).

Rhodes' remaining contentions lack merit.

### AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

